UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | |
|---|---|
| SAVANE WILLIAMS, | ) |
| Plaintiff, | ) ) ) |
| v. | ) No. 2:19-cv-00579-JPH-MJD |
| CHARLES DUGAN, DICK BROWN, JERRY SNYDER, PERCELL, ROBERT E. CARTER, JACK HENDRIX, | ) ) ) ) ) ) ) |
| Defendants. | ) |

**ENTRY SCREENING COMPLAINT AND DIRECTING ISSUANCE OF PROCESS**

Plaintiff Savane Williams is an inmate at Wabash Valley Correctional Facility (WVCF). He has sued employees of the Indiana Department of Correction alleging that they have violated his due process rights. Because Mr. Williams is a "prisoner" as defined by 28 U.S.C. § 1915A(c), this Court has an obligation under 28 U.S.C. § 1915A(a) to screen his complaint.

**I. Screening Standard**

Pursuant to 28 U.S.C. § 1915A(b), the Court must dismiss the complaint if it is frivolous or malicious, fails to state a claim for relief, or seeks monetary relief against a defendant who is immune from such relief. In determining whether the complaint states a claim, the Court applies the same standard as when addressing a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). *See Cesal v. Moats*, 851 F.3d 714, 720 (7th Cir. 2017). To survive dismissal,

> [the] complaint must contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Pro se complaints such as that filed by the plaintiff are construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers. *Perez v. Fenoglio*, 792 F.3d 768, 776 (7th Cir. 2015).

## II. The Complaint

The complaint names the following defendants: 1) Charles Dugan, Case Worker; 2) Dick Brown, Warden; 3) Jerry Snyder, Unit Team Manager; 4) Randall Parcel, Case Worker Manager; 5) Robert E. Carter, Commissioner of the Indiana Department of Correction (IDOC); and 6) Jack Hendrix, Assistant Superintendent. All the defendants are sued in their individual capacities. Defendants Hendrix and Carter are also sued in their official capacities. Mr. Williams seeks compensatory and punitive damages.

Mr. Williams alleges that he has been in Administrative Segregation since April 11, 2011. As a result of this placement he is confined in a small cell for 23 hours a day and allowed out for one hour of recreation by himself. He eats his meals alone from a food tray passed through a narrow opening in his cell door. A security light remains on 24 hours a day. He states that he uses a wheelchair. He states that he has not received a meaningful 30-day review of from April 11, 2011, through January 2019. These allegations implicate the Eighth Amendment's prohibition of cruel and unusual punishment.

During Mr. Williams' time in segregation, he has received only "perfunctory" 30-day reviews of his Administrative Segregation status. He alleges he cannot appeal 30-day reviews because there are no instructions as to how to obtain review of those decisions. He also alleges that he has not received any 90-day reviews.

Mr. Williams makes specific allegations against each defendant. He alleges that Mr. Parcel, Mr. Dugan, and Mr. Snyder are responsible for conducting the 30 to 90-day reviews, but have failed to provide meaningful reviews. Commissioner Carter creates policies and rules for the IDOC, but has failed to provide an avenue to appeal the 30-day reviews. Warden Brown has failed to properly train Mr. Parcel, Mr. Dugan, and Mr. Snyder how to conduct the 30- and 90-day reviews. Mr. Hendrix has failed to properly supervise the IDOC classification system or train staff on how to conduct meaningful periodic reviews. Mr. Williams alleges that all the defendants have violated his Fourteenth Amendment due process rights.

### III. Discussion of Claims

This action **shall proceed** with Eighth and Fourteenth Amendment claims against all six defendants pursuant to 42 U.S.C. § 1983. These claims shall proceed against the defendants only in their individual capacities.

Official-capacity claims against Defendants Hendrix and Carter are **dismissed** for **failure to state a claim** upon which relief can be granted. Official-capacity claims against state employees "are treated as suits against the states themselves," *Vinning-El v. Evans,* 657 F.3d 591, 592 (7th Cir. 2011), and such claims for money damages are barred by the Eleventh Amendment. *See Maddox v. Love,* 655 F.3d 709, 716 (7th Cir. 2011).

If Mr. Williams believes the complaint asserted additional claims, he shall have **through February 24, 2019**, to notify the Court of those claims.

## IV. Issuance of Process

The **clerk is directed** pursuant to Federal Rule of Civil Procedure 4(c)(3) to issue process to Defendants (1) Charles Dugan, (2) Dick Brown, (3) Jerry Snyder, (4) Randall Parcel, (5) Robert E. Carter, and (6) Jack Hendrix, in the manner specified by Federal Rule of Civil Procedure 4(d). Process shall consist of the complaint, dkt. [1], applicable forms (Notice of Lawsuit and Request for Waiver of Service of Summons and Waiver of Service of Summons), and this Entry.

All defendants shall be served electronically.

**SO ORDERED.**

Date: 1/29/2020

*James Patrick Hanlon*
James Patrick Hanlon
United States District Judge
Southern District of Indiana

Distribution:

SAVANE WILLIAMS
885175
WABASH VALLEY - CF
WABASH VALLEY CORRECTIONAL FACILITY - Inmate Mail/Parcels
6908 S. Old US Hwy 41
P.O. Box 1111
CARLISLE, IN 47838

Electronic service to:

    <u>At Wabash Valley Correctional Facility:</u>
    Charles Dugan
    Dick Brown
    Jerry Snyder
    Randall Parcel

    <u>At the Indiana Department of Correction:</u>
    Robert E. Carter
    Jack Hendrix